## Duncan v. The Last Chance Ditch Company.

Fact Case.
The judgment in this case is affirmed upon the facts.

*Error to the District Court of Weld County.*

Mr. Guy D. Duncan, for plaintiff in error.

Mr. J. Warner Mills, for defendant in error.

Thomson, J., delivered the opinion of the court.

The complaint alleges that in the year 1874 an agreement was entered into between Elisha Duncan, the grantor of the plaintiff, and the defendant, the owner of the Last Chance Ditch, whereby in consideration of the construction and maintenance by Elisha of a dyke along the bank of the creek from which the ditch took its water, the defendant granted to him and his assigns the right to the perpetual use of the water of the creek for the irrigation of a tract of land owned by him, and the right to control the headgate through which the water flowed, so far as might be necessary for the purpose of such irrigation; also the right to use the water to fill a pond upon the land during the winter months, each year, for the purpose of cutting ice therefrom. It is alleged that Elisha, and the plaintiff as his successor in interest, kept and maintained the dyke, and used the water for irrigating the land and filling the pond, each year, until 1889, when the defendant, by locking the headgate and diverting the water, prevented the further use by the plaintiff of the water for the irrigation of the land, or for the filling of the pond. The prayer is for damages and a decree establishing the right of the plaintiff to the use of the water for the purposes mentioned.

There was an answer, which denied the agreement and all

the allegations concerning it; also a cross complaint, which alleged the execution, on February 14, 1873, by Elisha Duncan to the defendant, of a deed conveying to it the right of way for its ditch through his land in consideration of $285, paid to him, and a written contract, dated November 4, 1874, by which he agreed that in consideration of the construction by the defendant of its dam in a certain specified place, and not elsewhere, he would be responsible for all damage that might be done by water breaking over the bank below the headgate. The cross complaint alleged the ownership and exclusive right of control of the ditch to be in the defendant, charged the plaintiff with certain acts of interference with the ditch and the headgates to the injury of the defendant, and prayed appropriate relief.

The only witness to the agreement set forth in the complaint was Elisha Duncan. He stated that it was in writing, that all other parties who had any knowledge of it were dead, and that it was lost. He admitted the execution of the deed and contract alleged in the cross complaint, and the receipt by him of the money for the right of way. According to his testimony, the lost agreement was drawn by him, and the parties to it, as he prepared it, were the defendant, himself, and one Mulverhill. It provided for the furnishing of water by the defendant to irrigate 160 acres of his land, and 40 of Mulverhill's. He presented it to Mulverhill, who declined to be a party to it, or to be in any way interested in it. He then told the defendant that he would take the whole contract himself. He could not state whether the contract, as originally drawn, was executed by the defendant, or whether another was prepared. The contract set out in the cross complaint was in evidence, and he stated that it and the lost agreement were made at or about the same time. There was nothing in the agreement, as he testified to it, concerning the pond, or water to fill it with, or ice to be cut from it. He said that the only agreement which obligated him to keep up the dyke was contained in the contract averred in the cross complaint, and if it was not in that contract there was

no agreement which bound him to do so. He could not say who signed the lost agreement. He made it with Mr. Burbridge and Mr. Fleming, both of whom were dead, and thought it likely that they signed it. He did not know whether they were officers of the defendant or not, but thought it probable that Burbridge was one.

The general tendency of the evidence for the defendant was in opposition to the plaintiff's claim, and there was evidence tending to support the charge, contained in the cross complaint, of interference with the ditch. There was judgment against the plaintiff, and a decree restraining her from interfering with the ditch. From the judgment and decree the plaintiff prosecutes error to this court.

Counsel for the plaintiff has failed to furnish us with a single reason why the judgment below should be reversed. Upon the indefinite, uncertain and confused testimony of Mr. Duncan, we do not see how it could be adjudged that any agreement was ever made between him and the defendant, other than that set out in the cross complaint. There was certainly no agreement shown which entitled him to any water for his pond, and there was none requiring the work to be done upon the dyke, which is alleged to be the consideration of the plaintiff's right to water for irrigating purposes, because, according to Mr. Duncan, that agreement was in the contract set forth in the cross complaint, and if it was not in the contract, it never was made. But it was not there, so that the alleged agreement to supply water for irrigation was, at best, a *nudum pactum*. Mr. Duncan was unable to say whether the negotiations for the agreement were had, or the agreement made, with any person authorized to act for the defendant. If there was such agreement at all, it was in writing ; but whether the one first prepared, which included Mulverhill's land, was used, or whether another was written, and if so, whether it contained the same provisions for irrigating the plaintiff's land as the first, whether it was signed by anybody, and, if it was, whether the person or persons signing it for the defendant had any

authority to do so, there was no proof whatever. The trial court could not well have found otherwise than it did upon the subject of the agreement, and there was sufficient evidence to warrant the injunction. We must therefore affirm the judgment.

*Affirmed.*